UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICIA FINN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18 CV 283 ) |
| VINCE NELSON and SOUTHWIND FARMS, INC., | ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff, Patricia Finn, alleges that she was injured when her vehicle was hit as part of a chain reaction of crashes allegedly started by defendant Vince Nelson, who was driving a tractor-trailer. Nelson was employed by Southwind Farms, Inc. ("Southwind"). Nelson was the sole owner and president of Southwind, as well as its only employee.

Now before the court are defendants' motion for partial summary judgment (DE # 36) and related motion to strike (DE # 50). Though the primary motion is styled as one for "summary judgment," a procedural mechanism that often focuses on the evidence related to a particular claim, the motion at hand depends entirely on construction of law and no relevant facts are in dispute. Of course, summary judgment is always appropriate in situations where a claim must fail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994).

Plaintiff's complaint includes claims for both negligence and negligent hiring. Southwind has admitted that Nelson was acting within the scope of his employment at the time of the car crash, thus rendering Southwind potentially liable for Nelson's negligence under the doctrine of respondeat superior. Southwind argues that, in light of this admission, the court should dismiss the negligent hiring claim under the well-settled principle of Indiana law requiring such. (DE # 37.)

Indeed, the Indiana Supreme Court has held that "when an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded." *Sedam v. 2JR Pizza Enterprises,* LLC, 84 N.E.3d 1174, 1179 (Ind. 2017). The critical phrase in *Sedam*, though, is "absent special circumstances." *Id.* The *Sedam* court specifically noted that one such "special circumstance" is a situation where punitive damages are sought, because punitive damages are available for negligent hiring claims, but not typically negligence claims hinging on the doctrine of respondeat superior. *Id.* at n.3. In other words, where punitive damages are at issue, the general rule requiring dismissal of a negligent hiring claim is not necessarily required.

This case is exactly such a situation. Thus, the general rule of *Sedam* does not apply, and the court is not required to bar plaintiff's negligent hiring claim. *Denton v. Universal Am-Can, Ltd.,* No. 2015 L 1727, 2019 WL 4640202 (Ill. App. Ct. 1st Dist. Sept. 24, 2019) (applying Indiana law and finding that punitive damages were "special circumstance" trumping general Indiana rule precluding negligent hiring claims in

cases where employer admits employee acted within scope of employment). While, ultimately, plaintiff will not be permitted a double recovery, *Sedam*, 84 N.E.3d at 1178, the jury is entitled to decide how and to what extent it wishes to hold Nelson liable (either as a negligent driver, or as the sole owner and president of the company employing him). *See, e.g.*, *Denton*, 2019 WL 4640202, at ¶ 44 (declining to reverse jury verdict, including punitive damages, against employer-company under negligent hiring theory, while assigning driver zero liability under negligence theory).

For the foregoing reasons, the motion for partial summary judgment is **DENIED** (DE # 36), and the related motion to strike (DE # 50) is **DENIED as moot**.

**SO ORDERED.**

Date: June 18, 2020

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT